GATENS *v.* NEELY.

Opinion delivered January 18, 1902.

MORTGAGE—LIMITATION.—Where a mortgage recited that the mortgagor was indebted to the beneficiary in a certain sum, evidenced by various notes, acceptances, indorsements and accounts, for which the former was liable as joint maker, indorser, or acceptor, and that the former might have to pay the same, and that the former was desirous of securing repayment of such sums to the latter on or before a certain date, and that the latter had agreed to make advances to the former, for which payment was to be made on the same date, the period of limitation to the mortgage is five years applicable to instruments in writing, and not three years applicable to implied contracts not in writing.

Appeal from Phillips Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Affirmed.

*John J. & E. C. Hornor,* for appellants.

Under the rule of appropriation of payments to the older items of a running account, the balance which was due on February 9, 1891, to Brooks, Neely & Co. was extinguished. 34 Ark. 285; 47 Ark. 111; 51 Ark. 371. Even if this were not so, at the date of the foreclosure of the deed of trust, it was barred by limitation, and with it the lien of the deed of trust. 61 Ark. 115. Deeds of trust may be for indemnity as well as for security for actual debts. 15 Am. & Eng. Enc. Law, 803; 1 Ping. Mortg. § 496. Neely's right to recover from Jefferson must arise by implication from his suretyship. 16 Gray, 142; 49 N. Y. 576; 70 Ala. 326; 21 Am. & Eng. Enc. Law, 774; 1 Beach, Cont. § 214. The period of limitation for his right of action was three years. Sand. & H. Dig., § 4822; 7 Bush, 630; 30 N. E. 543; 39 N. W. 187; 49 Ia. 301; 20 Cal. 136. The security afforded by a deed of trust or mortgage extends only to debts set forth in the deed. 50 Ark. 256; 12 Ark. 428; 30 Ark. 745.

*R. W. Nicholls, Norton & Prewett,* for appellees.

This case is distinguished from those cited by appellant to show that the debt and mortgage were barred in three years, in that the trust deed contains a recital as to when the debt is payable; and the five year statute applies. 2 Jones, Mortg. § 1225; 7 Exch. 246; S. C. 8 *ib.* 116; 28 Beav. 224; L. R. 2 Exch. 179; 15 Am. & Eng. Enc. Law, 816; 24 Ark. 191; 36 Ark. 293. The appellees are not third parties, within the sense of section 5094, Sand. & H. Dig.; 92 Fed. 828; 99 U. S. 235-251; 48 Fed. 868. The plea of limitations is personal. 53 Pac. 671; 53 S. W. 342; 23 S. W. 535. An attachment reaches only the interest of the defendant in the property levied upon. 58 Ark. 252; 50 Ark. 205. The description of the debts secured was sufficient notice to all persons. 1 Jones, Mortg., § 343.

*John J. & E. C. Hornor,* for appellants, in reply.

The instrument in this case contains no express promise to pay, and is not within the exception made by the cases cited by appellees. 1 Dan. Neg. Inst. §§ 37, 38. When a person stands in the relation of mortgagor as to the title to land, he can plead limitation. 2 Ping. Mortg. § 1575; 23 Cal. 16; 26 Am. Rep. 765; 27 S. E. 246, 247; 30 S. E. 99; 9 S. E. 639; 2 Jones, Mortg. § 1509; Wood, Lim. § 41; 108 U. S. 143, 147; 122 U. S. 176, 184.

HUGHES, J.   On February 18, 1891, a deed of trust executed by J. T. Jefferson and his wife, Jennie Jefferson, to W. B. Nichols, as trustee for J. C. Neely *et al.,* on the 9th of February, 1893, was filed for record to secure the payment of $45,759.14 indebtedness to J. C. Neely, evidenced by various notes, acceptances, indorsements and accounts, upon which and for which the said J. C. Neely was severally liable either as joint maker, indorser or acceptor.   On January 4, 1896, Nichols, the trustee, foreclosed said deed of trust by sale of the property described therein, by virtue of the power contained in said deed of trust, at which sale J. C. Neely purchased the lands offered for sale thereunder, and afterwards received a deed of conveyance from Nichols, the trustee, for the said lands, which was duly filed for record.   In 1893 Pat Gatens obtained judgment against J. T. Jefferson in the Phillips circuit court in the sum of $1,735, and on same day Walter R. Jones recovered judgment against said J. T. Jefferson in said circuit court in the sum of $1,531.25.   At the commencement of suits on February 23, 1891, attachments were issued and levied on the lands in controversy as the property of J. T. Jefferson.   The attachments were sustained, and the lands ordered sold.

On the 17th of September, 1895, the lands were sold, and Gatens and Jones bought them for $1,000, $500 of which was credited on Gatens' judgment, and $500 of which was credited on Jones' judgment.   The sale was reported to and confirmed by the court, and a deed for the lands was made to Gatens and Jones, the appellants.   January 19, 1898, executions were issued on these judgments, and returned *nulla bona.*

On October 23, 1897, judgment was rendered in favor of Eugene Dupont *et al.,* against J. T. Jefferson in Phillips circuit court for $8,437.48.   Execution issued January 13, 1898, and returned *nulla bona.*

This suit was brought by the appellants to cancel the trust deed, and sale thereunder by the trustee under the power contained in said deed, by virtue of which deed and sale the appellee J. C. Neely claims that by purchase he had obtained title to the lands therein described.   The theory of the complaint is that the trust deed was made to defraud creditors; that nothing had ever been paid to or for Jefferson, the grantor in the trust deed, when it was executed by him, or before the 1st day of January, 1892; that it was executed to indemnify Neely against loss from the payment of

debts which he might have to pay for Jefferson, but had never paid. The complaint also averred that the claim of J. C. Neely was barred by limitation of three years, being only an implied obligation to reimburse Neely for such payments as he might make on Jefferson's account; that the demand of Brooks, Neely & Co. was barred by limitation, and had in fact been long since paid and satisfied by the application of payments made by Jefferson; that there was no appraisement of the property before sale; that it was sold for less than two-thirds of its appraised value. These are the material allegations in the bill, which shows, also, that the appellants had obtained judgment against Jefferson, and had bought in the lands, and they claimed that the trust deed to Neely by Jefferson, the sale thereunder, and purchase by the deed to Neely constituted a cloud upon their title. After considering the testimony and the exhibits to the complaint and answer of the defendants denying the material allegations of the complaint, the court found that there was no equity in the complaint, and dismissed the same for the want of equity. The case comes up here upon appeal.

We are of the opinion that the complaint and the theory of the appellants as to J. C. Neely's claim are not sustained by the evidence, and that the decree of the chancellor is supported by the evidence in the case.

Before the 1st of January, 1892, J. C. Neely, it appears, had paid for Jefferson some $35,000 or more, which, by the provisions of the deed of trust from Jefferson to Neely, became due the 1st of January, 1892, and which the deed of trust was executed to secure.

The provision in the deed of trust referred to in this behalf is as follows: "Whereas the said first party, J. T. Jefferson, is justly indebted to the party of the third part, J. C. Neely, in the sum of forty-five thousand, seven hundred and fifty-nine dollars and fourteen cents ($45,759.14), evidenced by various notes, acceptances, indorsements and accounts upon which and for which the said third party is severally liable either as joint maker, indorser, or acceptor; and whereas, the said first party is unable to pay them, or his share thereof, at the present time, or when the same shall become due and payable; and whereas, the said third party will or may have to pay the whole thereof; and whereas, the first party is desirous of securing the repayment thereof to the

said third party on or before the 1st day of January, 1892, at which time said sum is to be due and payable; and whereas, it will be necessary for said first party to have supplies and money furnished and advanced by some one to enable him to bear his share of the expenses in planting, cultivating and gathering the crops to be grown during the current year on the lands above herein described, which the said third party has agreed to make and advance in such amounts, quantities and sum and at such times as may in his judgment and discretion seem right and proper, the amount thereof to be evidenced by the books of account of the said party of the third part, and to be due and payable on the last day of January, 1892; and whereas, the said party is also justly indebted to the firm of Brooks, Neely & Co. and the other third party in the sum of fifteen thousand dollars, evidenced by account for that sum now due, but the time of payment of which in consideration of this conveyance and security is extended to the 1st day of January, 1892, at which time the same is made due and payable."

According to the terms of this portion of the deed of trust, Jefferson agreed and undertook to repay to J. C. Neely all sums Neely might pay for him before the 1st of January, 1892. The sale under the deed of trust, at which Neely bought the lands in controversy, took place on January 4, 1896. Less than five years—only four years and three days—had elapsed between the 1st of January, 1892, and the sale of January 4, 1896. Therefore the statute of limitations had not barred Neely's right to foreclose the trust deed when the sale was made under it for the debt which was due on the 1st of January, 1892, and which the deed of trust was made to secure. Neely bought in the property at the sale for $30,000, having before the 1st of January, 1892, paid of Jefferson's debts over $35,000.

We think the debt of Brooks, Neely & Co. had been extinguished through the application of payments made by Jefferson before the 1st of January, 1892.

The decree of the chancellor is affirmed.